UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | | |
|---|---|---|
| TO VONGPRACHANH #490354, | ) | |
| | ) | |
| Petitioner, | ) | Case No. 2:06-cv-82 |
| | ) | |
| v. | ) | HON. GORDON J. QUIST |
| | ) | |
| JEFF WHITE, | ) | |
| | ) | **OPINION** |
| Respondent. | ) | |
| _____ | ) | |

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed without prejudice for failure to exhaust available state-court remedies.

**Discussion**

I.       Factual allegations

Petitioner To Vongprachanh is presently incarcerated within the Michigan Department of Corrections ("MDOC") and housed at the Ojibway Correctional Facility in Marenisco, Michigan. On March 3, 2004, Petitioner was convicted of two counts of armed robbery pursuant to a guilty plea. Petitioner was sentenced to a term of 81 months to 240 months imprisonment.

Petitioner filed a direct appeal to the Michigan Court of Appeals, raising a challenge to denial of his motion to withdraw the guilty plea where the plea was rendered involuntary by the ineffectiveness of counsel. Petitioner also challenged the denial of his motion for resentencing, claiming that his sentence was based on inaccurate guidelines. On April 6, 2005, the Court of Appeals affirmed Petitioner's conviction. Petitioner sought leave to appeal in the Michigan Supreme Court, which denied leave on December 27, 2005. Petitioner did not file a motion for relief from judgment. Nor did he file any other motions for post-conviction relief in state court.

Petitioner filed the instant habeas petition on March 23, 2006, raising entirely new issues: (1) the trial court's conduct in sentencing him to the same term as his co-defendant violated Petitioner's equal protection rights; (2) the state court did not follow its law or previous case law; (3) ineffective assistance of trial counsel; (4) ineffective assistance of appellate counsel; and (5) cumulative effect of multiple errors entitles Petitioner to relief.

II.       Failure to exhaust available state-court remedies

Before the court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838,

842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971) (cited by *Duncan v. Henry*, 513 U.S. 364, 365 (1995) and *Anderson v. Harless*, 459 U.S. 4, 6 (1982)). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *Duncan*, 513 U.S. at 365-66; *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. The district court can and must raise the exhaustion issue *sua sponte*, when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138-39.

An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). It appears that at least one avenue of relief, known as the "Motion for Relief from Judgment," remains open to this Petitioner. *See* MCR 6.501 - 6.509. The Motion for Relief from Judgment is a Michigan prisoner's exclusive means to challenge his conviction in the Michigan courts where he has already had an appeal by right or by leave, or has unsuccessfully sought leave to appeal, or who was unable to file an application for leave to appeal to the Court of Appeals because 12 months have elapsed since the judgment. See MCR 7.205(F)(3); Staff Comment to Rule 6.501. The proceedings are commenced by filing a motion in the same court from which the conviction arose, setting forth the grounds for the relief requested. Rule 6.502-503. If it plainly appears from the face of the materials filed that

the defendant is not entitled to relief, the court may deny the motion without further proceedings. Rule 6.504(B). If the motion is not summarily dismissed in this manner, the court orders the prosecuting attorney to answer and conducts such other proceedings as are required. *Id.* The court may not grant relief on grounds which were previously decided against the defendant in a prior appeal or motion for relief from judgment, or where the grounds for relief (other than jurisdictional defects) could have been raised on appeal from the conviction or prior motion for relief from judgment, unless "good cause" and "actual prejudice" or "actual innocence" are demonstrated. MCR 6.508(D). A defendant may seek leave for appellate review of any adverse ruling in the Michigan Court of Appeals. MCR 6.509.

The Michigan courts will grant collateral review under this post-conviction procedure in very limited situations. As a result, cases such as *Castille v. Peoples*, 489 U.S. 346, 351, 109 S. Ct. 1056, 1060 (1989), and *Teague v. Lane*, 489 U.S. 288, 297-299, 109 S. Ct. 1060, 1068-69 (1989), are called to mind. In those cases, the Supreme Court held that a procedural default is not cured by filing a motion for collateral relief pursuant to state law under which the merits of the claims will be considered only in limited circumstances. One might read these cases to suggest that a habeas corpus petitioner is not required to exhaust these available, but limited, state collateral remedies.

However, the Michigan collateral remedy is unique in that it offers review of previously unexhausted claims using a standard nearly identical to that which would be applicable upon review in this court. The circumstances under which a person can obtain review of the merits under MCR 6.500, et. seq., are limited. In fact, where the movant failed to raise the issues in an earlier appeal, as did the Petitioner in this case, the grounds are identical, or nearly identical, to those

- 4 -

under which a federal habeas petitioner who has procedurally defaulted a claim under state law can obtain federal habeas corpus review. *See Wainwright v. Sykes*, 433 U.S. 72, 97 S. Ct. 2497 (1977). Under *Wainwright v. Sykes*, and its progeny, a federal court is barred from considering a claim which the state courts consider procedurally defaulted unless petitioner is able to show "cause and prejudice" or a "miscarriage of justice." *See e.g. Harris v. Reed*, 489 U.S. 255, 258, 109 S. Ct. 1038, 1040-41 (1989).[1] Similarly, the Michigan remedy allows for review only where the petitioner can show "good cause" for the procedural default and "actual prejudice" or "actual innocence." MCR 6.508(D).

Since the burden of proof is identical in either proceeding, the outcome in the state proceeding is no more "predetermined" (*see Castille*, 489 U.S. at 350, 109 S. Ct. at 1059-60) than the outcome on federal review. Accordingly, in my opinion, the Michigan remedy is just as "available" as the federal habeas remedy. Since the standard of review in the state courts is identical to that which would be applied by this court, resort to the Michigan remedy cannot be any more "futile" than resort to this court is. Where a state prisoner raises a claim for the first time in a petition for federal habeas corpus, and it has not yet been presented to the state courts, but review of that claim is available in a state proceeding, the state proceeding should first be exhausted before federal review is granted. The court concludes that such circumstances exist here. Because it appears that Petitioner has not exhausted his available state court remedies, the court will dismiss this habeas corpus petition without prejudice.

---

[1] For discussion of the terms "cause and prejudice" and "miscarriage of justice," the court in *Harris v. Reed*, 489 U.S. at 258, n. 2, 109 S. Ct. at 1041, n. 2, refers the reader to *Murray v. Carrier*, 477 U.S. 478, 106 S. Ct. 2639 (1986) and *Smith v. Murray*, 477 U.S. 527, 106 S. Ct. 2661 (1986). The term "miscarriage of justice" has been interpreted to mean "factual innocence."

Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). Under § 2244(d)(1)(A), the one-year limitation period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Petitioner appealed his conviction to the Michigan Court of Appeals and Michigan Supreme Court. The Michigan Supreme Court denied his application on December 27, 2005. Petitioner did not petition for certiorari to the United States Supreme Court, though the ninety-day period in which he could have sought review in the United States Supreme Court is counted under § 2244(d)(1)(A). *See Isham v. Randle*, 226 F.3d 691, 695 (6th Cir. 2000); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on March 28, 2006. Accordingly, absent tolling, Petitioner has one year, until March 28, 2007, in which to file his habeas petition.

A properly filed application for state postconviction review or other state collateral review tolls the statute of limitations during the period the application is pending. *See* 28 U.S.C. § 2244(d)(2). A motion for post-conviction relief is considered "pending" during the time between a lower state court's decision and the filing of a notice of appeal to a higher state court on collateral review. *See Carey v. Saffold*, 536 U.S. 214, 219-20 (2002). It also is considered pending during the period in which the petitioner could have filed a petition for writ of certiorari in the United States Supreme Court, whether or not such a petition actually was filed. *See Abela v. Martin*, 348 F.3d 164 (6th Cir. 2003) (*en banc*).

**Conclusion**

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 because he has failed to exhaust state court remedies.

**Certificate of Appealability**

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Commissioner of Correction of the State of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme

Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.

This Court denied Petitioner's application on the procedural ground of lack of exhaustion. Under *Slack*, 529 U.S. at 484, when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id.* The Court finds that reasonable jurists could not debate that this Court correctly dismissed the petition on the procedural grounds of lack of exhaustion. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Therefore, the Court denies Petitioner a certificate of appealability.

A Judgment consistent with this Opinion will be entered.


Dated:     May 23, 2006              /s/ Gordon J. Quist
                                    Gordon J. Quist
                                    United States District Judge